IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01574-RM-MEH

MAURICE E. MURRAY, and
GINA MURRAY,

      Plaintiffs,

v.

AMERICAN FAMILY INSURANCE COMPANY,

      Defendant.

---

**ORDER**

---

This insurance lawsuit is before the Court on Defendant's Motion for Partial Summary Judgment (ECF No. 37), seeking judgment in its favor on Plaintiffs' statutory and common law bad faith claims. Plaintiffs have filed a Response to the Motion (ECF No. 42), and Defendant has filed a Reply (ECF No. 44). The Court now grants the Motion for the reasons below.

**I.     LEGAL STANDARD**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

## II.    BACKGROUND

In September 2017, Plaintiffs were injured in a car accident. (ECF No. 45, ¶ 1.) After settling their claims against the at-fault driver, each made a claim for underinsured motorist benefits against Defendant. (*Id.* at ¶¶ 5, 26.) Each Plaintiff was insured under two policies issued by Defendant, providing combined underinsured motorist coverage with limits of $200,000 per person. (*Id.* at ¶ 2.)

Mr. Murray made an initial demand in January 2018 and received a $100,000 payment the following month. (*Id.* at ¶¶ 5, 11.) At that time, Defendant's adjuster was unaware that Plaintiffs were covered under two policies, so she believed that was the policy limit for Mr. Murray's claim. (*Id.* at ¶ 108.) The second policy was issued to Mr. Murray's son, who lived with Mr. Murray during the relevant timeframe, but the adjuster did not discover that policy until June 2018. (ECF Nos. 44 at 7; 45 at ¶ 104.) In December 2019, after undergoing

additional medical treatment, Mr. Murray made a supplemental demand and received another payment of $5,000. (ECF No. 45, ¶¶ 17, 22.) In February 2020, he made an additional demand for $95,000, which Defendant did not pay. (*Id.* at ¶¶ 23, 112.)

Ms. Murray made her initial demand in May 2018 and received a payment of $100,000. (*Id.* at ¶¶ 26, 35.) Over the following year and a half, she received ongoing treatment, made several supplemental demands, and received additional payments. (*Id.* at ¶¶ 39, 52, 58, 62, 71.) In February 2020, she made an additional demand for the remaining benefits available. Defendant made a final payment of $68,000 thirty-six days later.

Plaintiffs filed this lawsuit in state court in March 2020, and it was removed to this Court in June 2020. In their Amended Complaint (ECF No. 22), they each assert statutory and common law bad faith claims against Defendant. Mr. Murray also brings a breach of contract claim. An additional breach of contract claim by Macey Murray has been voluntarily dismissed. (*See* ECF No. 27.) Defendant has moved for partial summary judgment on the statutory and bad faith claims.

### III. ANALYSIS

Defendant contends it is entitled to summary judgment on Plaintiffs' statutory and common law bad faith claims because the undisputed facts show there has been no delay or denial in payment of benefits owed. Plaintiffs argue that a reasonable jury could determine Defendant's delay and denial of payment was without a reasonable basis and that the delay and denial was reckless. The Court agrees with Defendant.

Defendant argues that there was no delay or denial of payment of benefits owed to Mr. Murray because Plaintiffs have not adduced evidence that it acted unreasonably with respect

to any benefits owed to Mr. Murray.  In response, Plaintiffs contends that Defendant should have reevaluated Mr. Murray's claim once it discovered the second policy under which he was covered.  But the fact that additional benefits were available does not mean that any additional amounts were owed, and Plaintiffs have not shown that any such amounts—aside from the $5,000 Defendant paid—were *undisputedly* owed to Mr. Murray.  An insurer is not prohibited from withholding payment of disputed benefits, so long as it does not do so without a reasonable basis.  But the mere fact that Defendant declined to pay Mr. Murray up to the policy limits cannot establish that it acted unreasonably.  The absence of evidence that Defendant acted unreasonably is fatal to both Mr. Murray's statutory and bad faith claims.  Where, as here, the defendant carries its initial burden of showing a lack of evidence, the burden shifts to the plaintiff to put forth sufficient evidence for each essential element of his claims such that a reasonable jury could find in his favor.  *See Anderson*, 477 U.S. at 248.  Plaintiffs have failed to present specific facts showing there is a genuine issue for trial on these claims.

Nor have Plaintiffs identified any evidence that Defendant delayed in paying Ms. Murray a benefit that she was owed.  Colorado law only prohibits an insurer from withholding payment of *undisputed* covered benefits.  *State Farm Auto. Ins. Co. v. Fisher*, 2018 CO 39, at ¶ 24.  The fact that Defendant ultimately paid the policy limits, alone, does not establish that any payment was undisputed or owing at any time before the final payment was made.  Plaintiffs also suggest that Defendant's failure to locate the second policy until June 2018 was reckless.  But in the absence of any evidence of any unreasonable conduct on Defendant's part or that payment was owing and unpaid prior to that, that issue is immaterial with respect to their bad faith claims. Further, the Court finds that the fact Ms. Murray received the final payment on March 11 rather

4

than March 5 as she requested is insufficient to raise a genuine issue as to whether Defendant acted unreasonably in this case. Therefore, Defendant is entitled to summary judgment on the claims brought on behalf of Ms. Murray as well.

### IV.   CONCLUSION

Accordingly, Defendant is entitled to judgment in its favor on Plaintiffs' statutory and bad faith claims, and the Court GRANTS Defendant's Motion for Partial Summary Judgment (ECF No. 37).

DATED this 12th day of November, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge